NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OMAR MONROY MONROY,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 22-1740

Agency No.
A206-150-530

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2024[**]
San Francisco, California

Before: S.R. THOMAS, BEA, and CHRISTEN, Circuit Judges.

    Petitioner Omar Monroy Monroy, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' (BIA) order denying his

applications for asylum, withholding of removal, and protection under the

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA agrees with the IJ's reasoning and adds some of its own reasoning, the court reviews the BIA's decision and the parts of the IJ's decision upon which BIA relied. *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021). The court reviews factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 6 (9th Cir. 2022). We deny the petition.

1. Substantial evidence supports the BIA's determination that Petitioner did not demonstrate past persecution based on threats or harm to his parents. "'[A]lthough harm to a petitioner's close relatives, friends, or associates may contribute to a successful showing of past persecution,' it must be 'part of a pattern of persecution closely tied to [the petitioner] himself.'" *Sharma*, 9 F.4th at 1062 (quoting *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009)). Petitioner was never personally threatened by the cartel; there is no evidence that the cartel aimed to harm him by targeting his parents or that the cartel targeted his parents due to their relationship with him. The evidence did not show that the cartel would impute any political opinion to him if he returned to Mexico. While the cartel once threatened Petitioner's mother's children, he testified that only his mother's younger school-aged children were threatened. Substantial evidence thus supports

2

the BIA's finding that any past harm to Petitioner's family was not "closely tied to [Petitioner] himself." *Id.*

2. Substantial evidence also supports the BIA's determination that Petitioner did not demonstrate a well-founded fear of future persecution with a nexus to a protected ground. The record substantially supports the BIA's holding that Petitioner was not a member of six of his thirteen proposed particular social groups because he is not a former police officer or landowner. The record also supports the BIA's conclusion that Petitioner did not establish a well-founded fear on account of his membership in the remaining seven proposed family-based groups because there is no evidence that the cartel has targeted Petitioner's parents or siblings since 2011, or that they would be interested in Petitioner on account of his family relationships if he returned.

3. Because Petitioner does not challenge the BIA's determination that he is not eligible for relief under the Convention Against Torture, he has forfeited that claim. *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

**PETITION DENIED.**